IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
UNITED STATES OF AMERICA FOR      *
THE USE AND BENEFIT OF REGAN
TILE, INC., d/b/a MASTER CRAFT    *
FLOORING,
                                  *
     Plaintiff,
                                  *
vs.                                          CASE NO. 4:19-CV-83 (CDL)
                                  *
CAROTHERS CONSTRUCTION, INC.
and LIBERTY MUTUAL INSURANCE      *
COMPANY,
                                  *
     Defendants.
                                  *
```

O R D E R

Regan Tile, Inc. d/b/a Master Craft Flooring ("Master Craft") brought this Miller Act action against Carothers Construction, Inc. and its payment bond surety, Liberty Mutual Insurance Company. The action is based on work that Master Craft performed under a subcontract with Carothers at Fort Benning, Georgia. Presently pending before the Court is Carothers's "Motion to Enforce Arbitration Rights, Stay, and Transfer" (ECF No. 13), which Liberty Mutual joined (ECF No. 16). Master Craft did not file a response to the motion. As discussed in more detail below, the motion is granted, and this action is transferred to the U.S. District Court for the Southern District of Mississippi, Jackson Division.

Defendants argue that Carothers and Master Craft agreed to arbitrate any disputes arising out of the subcontract in Jackson, Mississippi. Defendants further argue that Carothers is entitled to an order compelling arbitration but that the U.S. District Court for the Southern District of Mississippi—and not this Court—must issue such an order. The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, if a suit is brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration," then the court must stay the action pending arbitration upon application of one of the parties and "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. The FAA provides that a court may direct parties to proceed to arbitration in accordance with the terms of their agreement, though such an order must be entered in the jurisdiction where the arbitration will be heard. *See* 9 U.S.C. § 4 (stating that arbitration proceedings "shall be within the district in which the petition for an order directing such arbitration is filed"). 9 U.S.C. § 4.

Here, there is no dispute that Master Craft's claims arise out of a contract involving interstate commerce. There is also no dispute that Master Craft and Carothers agreed in writing to arbitrate all disputes arising out of the subcontract. The subcontract states: "Except as otherwise specifically provided therein, all claims, disputes, and other matters in controversy between the Contractor [Carothers] and the Subcontractor [Master Craft] arising out of or relating to this Subcontract shall be decided by binding arbitration in accordance with the current and applicable Construction Industry Rules of the American Arbitration Association, unless the parties both agree to different rules and procedures." Compl. Ex. 1, Subcontract § 19 (Jan. 27, 2015), ECF No. 1-4. Master Craft did not point to any exception that applies here, so the Court is satisfied that Master Craft and Carothers agreed in writing to arbitrate their disputes arising out of or related to the subcontract.

The subcontract further states that "[t]he locale for any arbitration or litigation involving the Subcontractor [Master Craft] and the Contractor [Carothers] shall be Jackson, Mississippi, unless the Contractor agrees to designate another locale to facilitate joinder of parties, to consolidate claims, or for any other reason." *Id.* Master Craft does not dispute that it agreed to arbitration in Jackson, Mississippi. Master Craft also does not argue that Carothers agreed to designate the

3

Middle District of Georgia as a locale for arbitration. And, Master Craft did not file a response in opposition to Carothers's motion to transfer. Because an order compelling arbitration must be entered where the arbitration will be heard, the Court hereby transfers this action to the U.S. District Court for the Southern District of Mississippi, Jackson Division.

IT IS SO ORDERED, this 24th day of July, 2019.

s/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA